UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
FATIMA HDIR,                                                                                                   REPORT AND
                                      Plaintiff,                                  RECOMMENDATION
              - against -
SALON DE QUARTIER, et al.,                                                                       16-CV-6605 (LDH) (JO)
                                     Defendants.
---------------------------------------------------------------------------X

James Orenstein, Magistrate Judge:

       Plaintiff Fatima Hdir ("Hdir") has accused her former employer, Salon de Quartier, Inc. and its owner, Sebesten Ayache (collectively, the defendants) of failing to pay her the overtime wages required under federal and state law. *See* Docket Entry ("DE") 1 (Complaint); 29 U.S.C. § 201, *et seq.* (the Fair Labor Standards Act, or "FLSA"); N.Y. Labor Law ("NYLL") §§ 190, *et seq.*, 650, *et seq.* The parties now seek approval of a proposed settlement agreement. DE 12. Upon referral from the Honorable LaShann DeArcy Hall, United States District Judge, and for the reasons set forth below, I respectfully recommend that the court condition approval of the proposed settlement on the parties' willingness to reduce the plaintiff's counsel's fee award from one third of the settlement amount to $2,765.00 ($2,220.00 in fees plus $545.00 in costs) and to allocate the remaining $12,235.00 to the plaintiff.

I.      <u>Background</u>

       The parties first sought approval of their proposed settlement agreement on May 23, 2017. DE 8 (motion); Order dated May 25, 2017 (referral). At a conference on May 25, 2017, I shared with the parties my concerns about certain aspects of the proposed agreement that would lead me to recommend against its approval, including the fact that the agreement contained an improper confidentiality provision, as well as a lack of information about attorneys' fees. DE 11 (minute entry). In light of those concerns, the parties agreed to submit a revised agreement removing the confidentiality provision, and the plaintiff's counsel committed to providing contemporaneous

1

billing records. *Id.*; *see also* Order dated May 25, 2017 (terminating the motion for settlement approval, and setting a deadline for the parties to submit a revised agreement). On June 2, 2017, the parties filed their revised agreement, and provided the plaintiff's counsel's billing records as well (although I note that counsel has not specified whether the billing records were created contemporaneously, as required, or only after I asked him to document his fee request). DE 12.

II. Discussion

An agreement to settle and dismiss claims under the FLSA requires the approval of either the court or the United States Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015); *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (citing *Cheeks*, 796 F.3d at 200). "District courts must evaluate whether a proposed FLSA settlement is 'fair and reasonable' and whether any proposed award of attorneys' fees is reasonable." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (citing *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012)).

A court may calculate a reasonable fee using either the "lodestar" method or the "percentage of the fund" method. *McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Either way, the court must consider the "traditional criteria" for fee applications. *Guzman v. Joesons Auto Parts*, 2013 WL 2898154, at *1 (E.D.N.Y. June 13, 2013) (internal quotation omitted) (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). Those criteria include, among other things: the time and labor expended by counsel; the magnitude and complexities of the litigation; the risk of the litigation; the quality of representation; the requested fee in relation to the settlement; and public policy considerations. *Id.*

The plaintiff's counsel, Gennadiy Naydenskiy ("Naydenskiy"), seeks reimbursement in the total amount of $5,363.28. *See* DE 12 at 2 (providing for six monthly payments to counsel of $893.88 each). That amount is greater than the sum of Naydenskiy's billed fees and costs. *See id.* at 7-

2

8 (billing records, seeking $2,220.00 in fees and $545.00 in costs): Naydenskiy's records report 7.2 hours of work performed by "GN" – presumably Naydenskiy – at an hourly rate of $250.00, and 2.8 hours of work by an otherwise unidentified "AM" – who may or may not be an attorney – at an hourly rate of $150.00, for a total of $2,220.00 in billed fees. The claimed costs include a $400.00 filing fee and $145.00 in service costs; the docket establishes the former, but no invoices or other documents support the latter. Naydenskiy argues that the fee he seeks is reasonable because it constitutes one third of the total settlement amount of $15,000.00. *See* DE 8 at 2.[1]

Courts in this district using the percentage method have found a fee award of one third of the settlement amount to be reasonable. *See, e.g., Romero v. Westbury Jeep Chrysler Dodge, Inc.*, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016). In the circumstances of this case, however, I conclude that such an award – more than double the lodestar, even assuming the amounts billed to be reasonable – would be excessive.[2] It is of course true that "a multiplier may be added to enhance the fee award where warranted[,]" *Guzman*, 2013 WL 2898154 at *5, but the circumstances of this case counsel against exercising such discretionary authority. *See id.* This case involves a single FLSA plaintiff who settled six months after filing the Complaint, before the defendants had appeared, and only after I prompted the plaintiff to take action in a dormant matter or face possible dismissal for failure to prosecute. *See* Order dated March 10, 2017. There was no discovery or motion practice, and the ten billed hours of work (more than a quarter of which is attributed to someone who may not be an attorney) relate mainly to settlement. *See* DE 12 at 7-8.

---

[1] Assuming the costs are appropriately deducted from the settlement amount and from the amount Naydenskiy claims, the claimed fee represents exactly one third of the remainder of the settlement amount.

[2] If the records are not contemporaneous, the court could properly reduce or deny the claimed fees. If "AM" is a paralegal assistant or other non-attorney, the claimed hourly rate of $150 is excessive.

3

All of the relevant considerations favor a reduction of the claimed fee. The time and labor expended by counsel and the complexities of litigation favor a reduction of the fee award for the reasons discussed above. *See Guzman*, 2013 WL 2898154, at *2-3 (finding such factors to weigh in favor of reducing the fee from 40 percent to 25 percent where the case was a "single-plaintiff FLSA matter", no collective action was certified, and no discovery had been conducted). With respect to the risk of litigation, it is appropriate to award a reduced fee where "the parties reach a tentative settlement relatively shortly after the filing of an action[.]" *Id.* at *2-3 (internal quotation marks omitted) (reducing fee award where case settled after 18 months); *Bricker v. Planet Hollywood N.Y., L.P.*, 2009 WL 2603149, at *3 (S.D.N.Y. Aug. 13, 2009) (reducing fee award from one third to one quarter where case reached tentative settlement after ten months). The quality of representation also favors reduction, as it appears that "little if anything was done by plaintiff's counsel with regard to litigating this action prior" to reporting settlement, other than filing the complaint. *See Guzman*, 2013 WL 2898154, at *2-3 (finding this factor to weigh in favor of reduction where the discovery period had commenced, but there was "little indication of any discovery"). As to the ratio between the claimed fee and the remainder of the settlement, while courts do of course sometimes approve awarding fees equal to one third of a settlement, *see Romero*, 2016 WL 1369389, at *2, "significantly smaller awards are also common when warranted by the facts of a particular case, [such as] where a settlement has been reached in a relatively short period of time, with little, if any, discovery or motion practice." *Guzman*, 2013 WL 2898154, at *2-4; *see also McDaniel*, 595 F.3d at 425. Finally, public policy also favors a fee reduction in the circumstances of this case. *See Guzman*, 2013 WL 2898154, at *4-5 (collecting cases indicating that fee awards ranging from 15 to 25 percent have been found to satisfy the public policy of encouraging counsel to pursue FLSA litigations while ensuring against excessive fees).

Leaving aside concerns about whether some or all of the lodestar amount is justified, I conclude that using that method to determine a reasonable fee is preferable to the percentage method that the plaintiff's counsel favors. Rather than multiply the proceedings further to inquire into whether the billing records were made contemporaneously, or whether the rate claimed for "AM" is excessive, I respectfully recommend reducing the claimed fee to the claimed lodestar amount.

III.    Recommendation

For the reasons set forth above, I respectfully recommend that the court condition approval of the proposed settlement on the parties' willingness to reduce the plaintiff's counsel's fee award from one third of the settlement amount to $2,765.00 ($2,220.00 in fees plus $545.00 in costs) and to allocate the remaining $12,235.00 to the plaintiff.

IV.    Objections

Any objections to this Report and Recommendation must be filed no later than July 10, 2017. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F. 3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated:  Brooklyn, New York
       June 20, 2017

                                                      /s/
                                               JAMES ORENSTEIN
                                               U.S. Magistrate Judge

5